Shauck, J.
The primary devisee, Mrs. Miller, having died before the testator, it is not doubted that the bequest to her would have lapsed but for section 5971 of the Bevised Statutes to prevent the lapsing of devises and bequests. It provides that:
“[R. S. 5971. Devise or bequest not to lapse by the death of devisee or legatee.] When a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of the making of the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done, if he had survived the testator; or, if such devisee shall leave no such issue, and the devise be of a residuary estate to him or her, and other child or relative of the testátor, the estate devised shall pass to, and vest in such residuary devisee surviving the testator, unless a different disposition shall be made or required by the will.”
The bequest in the present instance is to a particular legatee whom the testator has named in his *181 will, and not to a member of a class described generally. Tbe right of Mrs. Ewing to take by substitution under the provisions of the statute is, therefore, not beclouded by the considerations which evoked dissents in Woolley et al. v. Paxson et al., 46 Ohio St., 307, and Shumaker v. Pearson et al., 67 Ohio St., 330. The doubt in the present case arises from the concluding clause of the codicil to which counsel for the executors ascribe the force of a limitation upon the gift which, in the will, the testator had made to-Mrs. Miller without any qualification or restriction whatever. Stability and consistency of adjudication require the conclusive presumption that the gift was made with knowledge of the statute and its effect. This means that the disposition when made in the will was as if it had been in terms to Mrs. Miller, if she should survive the testator, but if she should die before him, then to her daughter if she should survive him.
The concluding phrase of the section of the statute, “unless a different disposition shall be made or required by the will” forbids such application of these provisions as would defeat the declared intention of the testator. Applied to the case the statute provides that Mrs. Ewing shall take the bequest by substitution unless the testator has made another disposition of the bequest contingent upon the death of the primary legatee before his own death, or has by apt terms so limited the bequest to the primary legatee as to prevent the operation of the statute. Neither in the will nor in the codicil is any disposition made of the subject of the bequest upon the contingency of the death of Mrs. Miller before the death of the testator. The terms employed to limit or qualify a gift already made must, to be effective, *182 be as clear and significant as those in which it was made. In this view the concluding portion of the codicil seems to a majority of the members of the court to be plainly ineffectual to defeat the claim of Mrs. Ewing. The testator’s dispositions had already been made. He indicated no purpose of revoking, limiting or in any way qualifying them. Indeed the introductory words of the concluding paragraph show unmistakably that it was written in the exclusive contemplation of what he had already done, and for the purpose of expressing satisfaction therewith. His purpose was not to restrict or qualify but to re-affirm and justify dispositions already completely made. Mrs. Ewing had not been named in the will or codicil, and as to her he here declared that her omission was designed and not accidental, and that he intended that she should not share in his estate as a primary legatee or in any other manner except as she might by operation of law become the beneficiary of the absolute gift which he had already made to the relative named in his will. We are aware that by general consent cases which involve nothing but the interpretation of words used in a private instrument are not reportable because they are not likely to occur again. But the present case depends upon the effect to be given to an important section of the statute which is not to be averted except by language which clearly makes or requires a disposition different from that which its terms contemplate.

Judgment affirmed.

Price, Crew and Summers, JJ., concur.
Davis, C. J., dissents.
Spear, J., dissents from the judgment.